# Creswell et al., Ex'rs of Peters, *versus* Blank.

1. A partnership debt is recoverable against the executors of a deceased partner, even pending a suit against the survivors.

ERROR to the District Court of *Philadelphia*.

Opinion of the court by

WOODWARD, J.—There was no pretence for objecting to the plaintiff's amendment of his narr. The statute secured to him that right before or *on* the trial, and the amendment was not introductive of new cause of action, but only of another mode of laying the original cause of action.

The fourth assignment of error is grounded on the bad practice of taking depositions on short rules, without actual notice brought home to the adverse party or his counsel. The exigencies of witnesses do sometimes render short rules indispensable, but depositions taken under them ought always to be accompanied, when offered in evidence, with an affidavit of actual instead of constructive notice of the time and place of taking, served on the party or his counsel, as long before, at least, as the time stipulated for in the rule. It would be well to have a standing rule of court to this effect. What defects of service of notice there were in this case, if any, do not appear in the bill of exceptions, and therefore we cannot notice them. It is understood the notice was served in accordance with the existing rules of court. The objections to the competency of the witness are met by the ruling in *Brewster* v. *Sterret*, 8 Casey, 115.

There is nothing in the other assignments. The pendency of a suit against the surviving partners for the same cause of action, was no defence, however brought forward, to this action against the representatives of the deceased partner, and therefore the various rulings of the court did the plaintiffs no wrong. That a partnership debt is recoverable against the executors of a deceased partner, even pending a suit against those who survive, results necessarily out of the act of 11th April, 1848, when read as our recent cases construe it.

The judgment is affirmed.